IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| THE TRAVELERS HOME AND MARINE INSURANCE COMPANY ) ) ) | |
| v. ) ) | No. 3:05-1056 JUDGE CAMPBELL |
| STATE FARM MUTUAL ) INSURANCE COMPANY, ET AL. ) | |

MEMORANDUM

Pending before the Court is Motion to Dismiss (Docket No. 19) filed by Defendants Alex Bozeman and Theresa Bozeman ("Defendants"). For the reasons stated herein, Defendants' Motion (Docket No. 19) is DENIED.

FACTS

Plaintiff Travelers Home and Marine Insurance Company ("Travelers") is a corporation incorporated in the State of Connecticut and is authorized to do business in the State of Tennessee (Docket No.1 at 1). Defendant State Farm Mutual Automobile Insurance Company ("State Farm") is a corporation organized and existing under and by virtue of the laws of the State of Tennessee and is authorized to carry out the business of insurance in the State of Tennessee (Docket No. 1 at 1). Defendants Tyler Palmer ("Palmer"), Alex Bozeman ("Alex Bozeman"), Theresa Bozeman ("Theresa Bozeman"), Leon Petty ("Petty"), and Shannon Gunderson ("Gunderson") are individual residents of the State of Tennessee (Docket No.1 at 1-2). Defendant Proud Country, Inc. ("Proud Country") is or was a Tennessee corporation, which appears, from the Tennessee Secretary of State web site, to be administratively dissolved (Docket No. 1 at 2).

On October 7, 2004, Defendant Alex Bozeman was involved in an accident while

driving a 1991 Lincoln Towncar purportedly owned by Proud Country and furnished and made available for the regular use of Alex Bozeman (the "Towncar") (Docket No. 1 at 3). At the time of the accident, Defendants Palmer, Petty and Gunderson were passengers in the Towncar and sustained injuries during the accident (Docket No. 1 at 3). Palmer allegedly sustained property and/or personal injury damages in the amount of $125,000.00, which losses were covered by State Farm by reason of an insurance policy between it and Palmer (Docket No. 1 at 3-4);

On September 16, 2005, State Farm filed a subrogation claim in the Circuit Court for Dickson County, Tennessee against Alex Bozeman and Theresa Bozeman (the "Defendants") and Proud Country claiming Palmer's damages and/or injuries were caused solely by the negligence of the Defendants and Proud Country (Docket No. 1 at 3-4). Furthermore, in its complaint, State Farm alleged that as a result of the accident, it was obligated to pay Palmer $125,000.00 in property and/or personal injury damages, and, as subrogee of Palmer, it is entitled to recover the amount of loss paid to Palmer under its policy from the Defendants and Proud Country (Docket No. 1 at 3-4).

After the filing of the State Farm complaint, Travelers received a letter from an attorney on behalf of the Defendants in which it was demanded that Travelers defend and indemnify the Defendants in the State Farm action pursuant to insurance policy no. 945788673–101-1 issued by Travelers to Defendant Theresa Bozeman effective from August 20, 2004 to February 20, 2005 (the "Policy) (Docket No. 1 at 4 & 5). Travelers agreed to defend Defendants in the State Farm action under a reservation of rights, and this action ensued (Docket No. 1 at 5).

Travelers has filed the present action alleging that it does not have a duty to defend or indemnify either of the Defendants under the terms of the Policy and demands entry of a

declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §2201 declaring its rights and legal obligations to Defendants pursuant to the terms of the Policy and arising out of the State Farm action (Docket No. 1 at 5 and 9). More specifically, Travelers alleges that it is not obligated to indemnify and defend Defendants in the State Farm action because the Towncar was not covered under the terms of the Policy, but rather was owned and operated by Proud Country (Docket No. 1 at 5-9).

In response to Travelers' complaint, Defendants have filed a Motion to Dismiss (Docket No. 19) alleging that it would not be appropriate for this Court to exercise jurisdiction over this matter in that the more appropriate venue for this case is in the state court located in Dickson County, Tennessee (Docket No. 19 at 1).[1]

## MOTION TO DISMISS

The purpose of Rule 12(b)(6) of the Federal Rules of Civil procedure is to test whether Plaintiff has stated a claim upon which relief may be granted. Tennessee Protection and Advocacy v. Bd. of Educ. of Putnam County, Tennessee, 24 F. Supp. 2d 808, 813 (M.D. Tenn. 1998). "Under Rule 12(b)(6), a complaint may be dismissed 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Id. (quoting Michigan Bell Telephone Co. v. MFS Internet of Mich., Inc., 16 F. Supp. 2d 817, 822-23 (W.D. Mich. 1998)). "The complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. The Court, however, need not accept as true legal conclusions or unwarranted factual inferences."

---

[1]The Court notes that Defendants have failed to comply with Local Rule 8(b)(2), and did not accompany their Motion to Dismiss with a separate memorandum as required by the Local Rules.

3

ANALYSIS

Exercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §2201(a) (the "Declaratory Judgment Act"), is not mandatory. Bituminous Casualty Corp. v. J & L Lumber Co., Inc., 373 F. 3d 807, 812 (6th Cir. 2004). "The Declaratory Judgment Act provides that a court 'may declare the rights and other legal relations of any interested party seeking such declaration.'" Northland Ins. Co. v. Stewart Title Guaranty Co., 327 F. 3d 448, 453 (6th Cir. 2003) (quoting 28 U.S.C. §2201(a)). Generally, the Court is to consider a five factor test to determine whether to exercise its discretion under the Declaratory Judgment Act:

> (1) whether the judgment would settle the controversy;
>
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
>
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
>
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
>
> (5) whether there is an alternative remedy that is better or more effective.

Bituminous Casualty Corp., 373 F. 3d at 813. The 6th Circuit has held that "'declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court.'" Id. at 812 (quoting Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co., 791 F. 2d 460, 463 (6th Cir. 1986)). See also, United States Fire Ins. Co. v. Albex Aluminum, Inc., 161 Fed. Appx. 562 (6th Cir, 2006) (District Court's declining to exercise jurisdiction where employer's insurer brought a declaratory

4

judgment suit seeking a ruling that it was not required to indemnify the employer for the death of an employee was not an abuse of discretion).

At times, however, it has been found that exercise of jurisdiction under the Declaratory Judgment Act to determine the scope of insurance coverage and the duty of an insurer to defend its insured is appropriate. See, Northland, 327 F. 3d at 454. In Northland a declaratory judgment action was filed in federal court by an insurer seeking a declaration that it had no duty to defend or indemnify its insured. Applying the five factor test to determine whether the case was appropriate for declaratory judgment, the court concluded that: (1) while declaratory judgment would not end the underlying dispute, it would settle the controversy regarding the scope of the insurance coverage issued by the insurer and its duty to defend its insured; (2) a prompt declaration of policy coverage would serve a useful purpose in clarifying the legal relations at issue; 3) a declaratory remedy was not being used for "procedural fending" as the circumstances suggest that the insurer filed its action only after it became apparent that its insureds had no colorable claim to coverage or a defense; 4) because the insurer was not a party to the state court action and neither the scope of insurance coverage nor the obligation to defend was before the state court, a decision by the district court on these issues would not offend principles of comity; and 5) intervention by the insurer in the state court action would not necessarily provide a better or more effective remedy. Id. At 453-454. See also, Allstate Ins. Co. v. Green, 825 F. 2d 1061, 1066-1067 (6th Cir. 1987) (no per se rule applies to prevent district court from exercising jurisdiction over declaratory judgment action brought by insurer for determination of its duty to defend state court action against its insured; district court can not rely on mere existence of state court proceeding in declining to exercise jurisdiction, but has to

5

exercise its discretion after full inquiry into all relevant considerations.)

Applying the law to the facts as alleged in this case, the Court finds that this case is properly analyzed under the precedent established by the 6th Circuit in <u>Northland</u> and <u>Green</u>. Under this precedent, the Court finds that Travelers has stated a claim for which relief can be granted under the Declaratory Judgment Act. Accepting the facts as alleged by Travelers as true, this case is one of insurance coverage and the duty of an insurer to defend and indemnify its insured (Docket No. 1 at 5). Given these facts, the exercise by the Court of jurisdiction under the Declaratory Judgment Act would settle the controversy regarding the scope of the insurance coverage issued by Travelers and its duty to defend Defendants. In addition, the facts as alleged indicate that a prompt declaration of insurance coverage would serve to settle the legal relations at issue between Travelers and Defendants (Docket No. 1 at 5 & 9). Also, the circumstances as alleged by Travelers are that Travelers filed this action not for purposes of "procedural fencing", but only once it became apparent under the terms of the Policy that it has no duty to defend the Defendants in the underlying State Farm action (Docket No. 1 at 5-9). Finally, there is nothing in the facts as alleged by Travelers to indicate that its obligation to defend Defendants under the Policy is before the state court in the State Farm action, and that a decision by the Court on these issues would offend principles of comity or that intervention by Travelers in the State Farm action would provide a better or more effective remedy (Docket No. 1 at 3-9).

Accordingly, given that the facts as alleged by Travelers support the exercise of declaratory judgment jurisdiction by the Court, Defendants' Motion to Dismiss (Docket No. 19) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE